NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-1174

KEDISHA A. PINNOCK

vs.

HORACE PINNOCK.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

In this divorce action, the parties entered into a partial separation agreement that resolved all issues "other than the determination of [the husband's] child support obligation and the calculation of [the husband's] child support arrears." The parties also "agree[d] that child support shall be calculated pursuant to the child support guidelines," and there was little dispute regarding the information to be used in applying those guidelines. After a brief trial held on representations of counsel, a Probate and Family Court judge set child support at $150 per week, and she incorporated that order into a judgment of divorce nisi.[1] The wife appeals, contending that the judge erred in calculating the amount of child support the husband

_____

[1] The husband was also required to pay an additional $47 per week until an arrearage of $14,310 in child support was paid off.

should pay.  We remand this matter to the judge for reconsideration and explication of her ruling.

Background.  In calculating child support pursuant to the child support guidelines, the judge was required to determine the husband's gross income.  See Child Support Guidelines § I. The husband earns his income as a driver working for various ride share and delivery services such as Uber and DoorDash. Because the husband was self-employed, to establish his gross income, he is allowed to deduct from his gross receipts those expenses that are "ordinary and necessary" to the production of his income.  See Child Support Guidelines § I.C.

The parties stipulated that the husband's average weekly gross receipts for the period from January 1, 2022, to July 17, 2022, were $1,009.91.  The parties also agreed that the husband could deduct from that figure at least some of his automobile and cell phone expenses given that he used his car and cell phone to earn income.  His total weekly car and cell phone expenses were $352.34 per week.  Because it appears uncontested that the husband used his car and cell phone for both business and personal use, this raised the question of how the expenses for those items should be apportioned between those uses.  In their stipulation, the parties expressly left to the judge for resolution at trial "the applications of any reductions against

2

[the husband's] gross receipts based on the payments [for car and cell phone expenses enumerated in the stipulation]."

At the hearing, the wife's counsel pointed out that the husband owned only one car, and that the separation agreement itself indicated that the husband would need to make some personal use of that car.[2] Counsel also represented that the husband owned a cell phone prior to becoming an Uber driver and that the phone was not just used for business. Ultimately, wife's counsel took the position that the husband should be allowed to deduct only half of such expenses in calculating his gross income. It does not appear from the record that the wife's proposed split of those expenses was based on any actual calculation of the relative percentages of the husband's business and personal use of the phone or car.

Through his counsel, the husband did not contest the wife's claim that he made some personal use of his car and cell phone. Nevertheless, the husband did not directly engage the question of whether/how such expenses should be apportioned. The primary focus of the husband's arguments related to his overall financial status and attendant ability to pay.[3] Describing the

---

[2] For example, wife's counsel made uncontested representations that the husband "drives his car to pick up and drop off the children, for parenting time, to school, [and] to bring the children and himself to trips to visit his family in New York."
[3] The husband also asserted that he incurred some additional expenses that should count as related to his business, such as

3

husband as financially "under water" and "drowning," counsel suggested that unless the judge implemented a "deviation downward" from the presumptive figure generated by the child support guidelines, the husband would "have to go on public assistance."

The judge found the husband's income to be $658 per week. She did not explain how she arrived at that figure but, as the wife points out, that is the precise figure that results from allowing the husband to deduct 100 percent of his documented car and cell phone expenses from his gross receipts. Thus, the wife takes the position that the judge implicitly ruled that the husband was entitled to deduct all of his car and cell phone expenses even though he made some personal use of them.

Inputting the $658 figure into the child support guidelines would generate a presumptive child support award of $197 per week. As the judge noted, that figure would amount to 30 percent of the husband's income. The judge did not set child support at the presumptive amount of $197, but instead made a downward deviation based on her concern about the husband's ability to pay. The judge's only explanation was her statement "that the Husband is able to pay 23% of his gross income of $658

_____

the food he purchased while on the road. We agree with the wife that the husband's seeking to raise those additional expenses is not consistent with how the parties jointly framed the remaining issues in the stipulation.

4

per week toward the support of the parties' two minor children after consideration of his reasonable expenses and the needs of his children."  On this basis, she ordered the husband to pay child support of $150 per week (23% of $658).  Until he paid off his current arrearage, however, the husband would be required to pay the full $197 per week.

Discussion.  The wife makes two different arguments. First, she argues that the judge erred in calculating the husband's gross income by giving him 100 percent credit for his car and cell phone expenses as "ordinary and necessary" business expenses, even though it was uncontested that he made some personal use of them.  Second, she argues that the judge erred in making a downward deviation from the presumptive figure generated by the guidelines.  We begin by addressing the second argument first.

The child support guidelines allow a judge to deviate from the presumptive figures based on a list of particular considerations.[4]  See Child Support Guidelines § IV.A, B.  To

---

[4] The wife argues that the husband in fact waived any request for a downward deviation by agreeing in the stipulation that child support would be "calculated pursuant to the child support guidelines."  Under her interpretation, the term "guidelines" used in the stipulation refers to the formulae through which presumptive child support is to be determined.  Although this argument is not without some force, it founders on the fact that the term "guidelines" is commonly used in two different senses: that is, to refer to both the specific formulae used to determine presumptive child support, and the overall policy

5

effect a deviation, however, the judge must "make specific written findings" that using the presumptive "amount would be unjust or inappropriate under the circumstances; the specific facts of the case which justify departure from the guidelines and that such departure is consistent with the best interests of the child." G. L. c. 119A, § 13 (c). See Wasson v. Wasson, 81 Mass. App. Ct. 574, 577 (2012).

As relevant here, a judge may deviate from the presumptive amount of child support "where application of the guidelines . . . leaves a parent without the ability to self support." Child Support Guidelines § IV.B.10. The judge did not support her decision to deviate with an adequate explanation of how payment of the presumptive amount would preclude the husband from supporting himself. To be sure, the judge did note the husband's ability to pay by stating her view that he "is able to pay 23% of his gross income." However, that statement is not a specific finding about the effect that paying the presumptive amount would have on the husband's ability to self-

_____

document comprising the child support guidelines as a whole (which include both the specific formulae and the ability to deviate from them). In light of this, we do not view the husband's agreeing to the stipulation as an unambiguous waiver of his ability to argue for a deviation. In addition, we note that when the husband made his ability to pay arguments at the hearing, the wife sought to counter such arguments on the merits; she did not argue that the husband had waived them by executing the stipulation.

support, and it can be interpreted as an expression of a policy view that no one should be required to pay more than 23 percent of his or her income in child support. Accordingly, we conclude that a remand is necessary.

While leaving the child support obligation set forth in the judgment of divorce nisi in place for the time being, we remand the issue of child support for the judge to reconsider whether a deviation from the child support guidelines is justified and, if so, for the judge to make appropriate findings. That leaves the question whether the judge properly determined the husband's gross income in the first place. Without resolving whether the judge abused her discretion by giving the husband full credit for all of his car and cell phone expenses, on remand the judge should reconsider how to apportion such expenses for purposes of determining the husband's gross income. We leave it to the discretion of the judge whether to hear new evidence or to resolve the matter on the existing record.

Conclusion. So much of paragraph 2 of the judgment of divorce nisi as requires the husband to pay child support of $150 per week is vacated, and the matter is remanded for further proceedings consistent with this memorandum and order. The judgment is affirmed in all other respects, including the husband's obligation to pay $47 per week toward arrears. During the pendency of the remand, the husband shall pay temporary

7

child support of $150 per week, in addition to his weekly arrearage payment, unless the judge orders otherwise.

> So ordered.
>
> By the Court (Vuono, Milkey & Hand, JJ.[5]),

*Joseph F. Stanton*

Clerk

Entered:  December 12, 2023.

---

[5] The panelists are listed in order of seniority.